BOUTALL, Judge.
A prospective purchaser of real estate, William C. Hall, Sr., sued owners Mr. and Mrs. Joseph Phillips for breach of a contract to sell, seeking as damages the profit made on a later sale to another for a higher price, or alternatively, for double his deposit. From an adverse judgment he appeals.
The sale was conditioned upon the assumption by the purchaser of an outstanding mortgage at the rate of 714% held by the Fifth District Homestead Association. The Homestead approved an assumption loan but at a rate of 814% interest, not 7V4%. At issue here is whether the purchaser agreed with the increased interest rate and timely obtained the loan. The contract was dated February 13, 1974 and recited the following:
“Should purchaser, seller, or agent be unable to obtain the loan stipulated above within 10 days from acceptance hereof, this contract shall be null and void, and the agent is hereby authorized to return the purchaser’s deposit in full. Commitment by lender to make loan . shall constitute obtaining of loan.
* * * * * *
“This offer remains binding and irrevocable through February 23, 1974.”
Although the parties dispute the reasons, it is undisputed that Mrs. Phillips on March 11, 1974 returned Hall’s deposit check un-cashed, and it was received by Hall the following day. It is contended by Hall that he had agreed with the Homestead for the assumption of the loan, and had borrowed money to enable him to make the necessary *1256 down payment, and was prepared to take title. The Phillips’ contend that Hall refused the assumption loan, told them that he would not go through with the sale, and they promptly returned his deposit check and sought another purchaser. In October, 1974, the property was sold to another at an increased price, and a year thereafter, October, 1975, Hall brought this suit.
The trial judge made the following finding of fact:
“The evidence shows that this contract was to be consummated by assumption of a loan at the rate of llU%. The evidence is conflicting in that matter, but the Court is of the opinion that when the interest on the assumption was raised from lVi% to 814% (sic) the purchaser was unwilling to comply with this agreement. The deposit check was returned on March 12, 1974. The date of the termination of the contract was April 19, 1974. From the date of the return of the check on March 12 past the termination date of the agreement of April 19, 1974 up to the time of the filing of the suit in October of 1975 no demand was made for the title to be delivered, no mention was made of the agreement to the assumption at the increased rate, nothing was done other than the filing of the suit to put the Defendants on notice in anyway whatsoever that the Plaintiff wanted title to this property. By this time the property had already been sold.”
We agree with these findings. The testimony produced by the parties in support of their positions is directly in conflict. In questions of credibility or belief of witnesses, the trial judge’s decision is granted great weight, and we cannot simply substitute a different opinion as to credibility. He cannot be reversed in his findings of fact unless they are manifestly erroneous. In this case we find no manifest error and in fact, Hall’s inaction and the passages of time herein after return of the deposit lend support to a finding that he let the contract expire by its own terms because he was unwilling to pay a higher rate of interest.
The agreement between the parties placed an obligation upon the purchaser to notify the seller in some manner that either the loan was secured or that purchaser was willing to proceed to buy under the provisions of the remainder of the agreement. To hold the owner liable under the facts here found, purchaser should have notified seller that he intended to go through with the sale and have placed him in default.
For the reasons assigned, the judgment is affirmed.

AFFIRMED.